39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Robert T. STEPHAN and Robert W. Storey, true name Bob W.
Storey, Defendants-Appellees.
 No. 93-3398.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, REAVLEY,[2] and ANDERSON, Circuit Judges.
 
 
 1
 The issues we are called upon to resolve in this case question whether the district court properly dismissed one count of an indictment charging the defendants with conspiracy to commit perjury. After viewing the substance of the government's case, which was set forth in a bill of particulars and the indictment, the district court concluded the prosecution was unable to produce evidence the defendants had agreed to violate the law. Consequently, prior to trial, the court dismissed the count. We conclude not only did the district court have authority to dismiss prior to trial, but, also, it correctly found there was no evidence to support the charge. The facts are well known to the parties and most need not be repeated here.
 
 
 2
 Prior to trial, defendants moved for a bill of particulars on Count I, which the district court granted over the government's objection. At two separate hearings, including the hearing on the defendants' motion to dismiss, the district court repeatedly sought from the government the facts upon which it based the conspiracy charge. The government acknowledged the facts set out in the indictment and amplified in the bill of particulars constituted its case. Accepting all those facts as true, and without weighing them or accessing their credibility, the court found them insufficient as a matter of law to sustain the charge.
 
 
 3
 The government first challenges the district court's authority to dismiss an indictment upon the ground of insufficient evidence. That issue has been resolved in United States v. Hall, 20 F.3d 1084, 1088 (10th Cir.1994), in which we stated generally the sufficiency of the evidence may not be challenged by pretrial motion; but in rare cases a district court may dismiss "under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." In this scenario, a pretrial dismissal is essentially a determination, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.
 
 
 4
 While the government objected to providing a bill of particulars, it did not further object to the court's considering all the uncontested operative facts in determining the motion to dismiss. Moreover, the evidence presented to the court was circumscribed by the indictment and the bill of particulars. Indeed, at oral argument before us, counsel for the government admitted its entire case is contained within the bill itself. Defendants offered no evidence whatever. Thus, the evidence presented to the court was not disputed.[3] Accordingly, we hold Hall resolves this issue.
 
 
 5
 The government also contends the district court erred in concluding its evidence of conspiracy was insufficient. Admitting its evidence is entirely circumstantial, the government correctly argues it is not required to prove conspiracy by direct evidence. The government's theory of the case is both defendants knew of the confidentiality clause, but to further their defenses to the second civil action, agreed to deny its existence. The prosecution argues, "[t]aking the fact that they both knew about the agreement and then denied its existence after being sued for breach of contract leads to the inference the two then agreed to commit perjury during the civil suit."
 
 
 6
 The prosecution predicates its theory on the fact that both defendants testified the same way during the second civil suit, therefore, supporting the inference they agreed to testify falsely. Although the transcripts of that testimony are not before us, purported excerpts are quoted in the indictment, and a summary is also set forth in the bill of particulars. While the quotations and the summary can indeed be read to suggest both defendants made denials concerning the existence of a confidentiality clause, they are in no way suggestive defendants testified alike.
 
 
 7
 As exemplified in the bill of particulars, defendant Stephan testified "he did not agree, as part of the settlement ... to keep the terms confidential." Defendant Storey testified, again as summarized in the bill, "he did not know there was a confidentiality agreement ... which foreclosed the parties ... from revealing the terms of the settlement." In discovery statements, defendant Stephan steadfastly denied having entered into a confidentiality agreement, and Storey reiterated his contention he was unaware of Stephan having done so.
 
 
 8
 These statements may be false; indeed, other statements attributed to the defendants spread throughout the record indicate they are at least inconsistent with representations made at other times. Yet, the possibility of the falsity notwithstanding, the utterances upon which the government relies for its conspiracy case are so dissimilar they will not support an inference defendants were acting in concert or that they agreed to falsely testify.
 
 
 9
 The difference may be subtle, but it is significant. While Stephan unswervingly denied having agreed as a part of the settlement to keep its terms secret, Storey effectively stated there may have been such an agreement, but, if it existed, he knew nothing of it. One denies, and the other demurs. When viewed impartially, the statements are distinctly dissimilar.
 
 
 10
 The evidence suggests the defendants agreed to violate the confidentiality agreement, but that is as far as it can be stretched. We believe the district court properly concluded on the basis of the uncontroverted evidence relating to the charge of conspiracy that the government had no case.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Thomas M. Reavley, Senior Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [3]
 At oral argument, government counsel tried to avoid this conclusion by asserting defendants did not agree with the government's allegations. While that may be true for the entire case, it is without cavil the issue of dismissal was presented to the district court only on the government's evidence. That makes the evidence undisputed in the context of Hall